UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HURE LEON WHITE,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | Criminal Case No. 14-cr-1130 DMS<br>Civil Case No. 16-cv-1465 DMS<br><br>**ORDER DENYING (1) PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND (2) RESPONDENT'S MOTION TO STAY** |

　　　　Pending before the Court is Petitioner Hure Leon White's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Petitioner moves to vacate his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016).  Respondent United States of America opposes, and it moves to stay proceedings pending a decision by the Supreme Court in *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (June 27, 2016) (order granting certiorari).  For the reasons set out below, the Court denies the motion and denies as moot Respondent's motion to stay.

///

///

///

# I.

# BACKGROUND

On January 6, 2015, Petitioner pleaded guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Petitioner admitted he had previously sustained three felony convictions, one of which was a conviction for deadly conduct based on discharge of a firearm at, or in the direction of, one or more individuals ("deadly conduct"), in violation of Tex. Penal Code § 22.05(b)(1).

The probation department prepared a Presentence Report ("PSR") and determined that Petitioner's prior conviction for deadly conduct qualified as a crime of violence under U.S.S.G. § 4B1.2.[1] This resulted in a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A). It was also determined that Petitioner's criminal history category was V. Accordingly, the PSR calculated a guideline range of 63 to 78 months. On March 27, 2015, the Court varied from the advisory guideline range and sentenced Petitioner to 57 months.

On June 10, 2016, Petitioner filed the present motion, challenging his sentence in light of the recent Supreme Court decision in *Johnson*. Petitioner argues *Johnson* renders the residual clause of § 4B1.2(a)(2) unconstitutional, and further argues *Johnson* applies retroactively on collateral review pursuant to *Welch*. Thus, Petitioner contends he is entitled to relief because his prior conviction for deadly conduct no longer qualifies as a crime of violence under the residual clause of § 4B1.2(a)(2).

Respondent argues Petitioner is not entitled to relief for the following reasons: (1) Petitioner waived his right to collaterally attack his sentence in his Plea

---

[1] Section 2K2.1 cross-references the definition of "crime of violence" found in § 4B1.2. *See* U.S.S.G. § 2K2.1, comment. (n.1) ("'Crime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2.").

Agreement,[2] (2) Petitioner procedurally defaulted his claims by failing to raise it on direct appeal, (3) *Johnson* is not retroactively applicable on collateral review in the guidelines context,[3] and (4) Petitioner's prior conviction for deadly conduct remains a crime of violence even if the residual clause of § 4B1.2(a)(2) is rendered unconstitutional under *Johnson*.

## II.
## DISCUSSION

### A.  Legal Standards

A prisoner in custody may move the federal court that imposed a sentence upon him to vacate, set aside, or correct that sentence on the ground that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

28. U.S.C. § 2255(a).  If the court determines that relief is warranted under § 2255, it must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*. at § 2255(b).

### B.  Sentencing Guidelines

Under § 2K2.1(a)(4)(A), a federal defendant convicted of unlawful receipt, possession, or transportation of firearms or ammunition is assigned a base offense

---

[2] Respondent "acknowledges *United States v. Torres*, Case No. 14-1021 (9th Cir. July 14, 2016), appears to foreclose the contention that an appellate waiver prohibits further challenges to the application of an unconstitutionally vague guideline provision" and raises this argument to preserve it for further review.  (Opp'n to Mot. at 6–7.)  Accordingly, the Court declines to address this argument.

[3] The Court declines to address Respondent's arguments on waiver and procedural default because, for the reasons stated in this Order, Petitioner's motion fails on the merits.

level of 20, if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense[.]" Prior to its amendment on August 1, 2016, § 4B1.2(a) defined a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The residual clause of § 4B1.2(a)(2) is identical to the residual clause of the Armed Career Criminal Act ("AACA") that *Johnson* has found to be unconstitutionally vague. *Johnson*, 135 S. Ct. at 2551.[4] The residual clause of the ACCA defines a violent felony as one that "'otherwise involves conduct that presents a serious potential risk of physical injury to another.'" *Id*. at 2555–56 (quoting 18 U.S.C. § 924(e)(2)(B)). The Supreme Court in *Johnson* found that "the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558. Accordingly, the Court concluded that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process."[5] *Id.* at 2563.

/ / /

---

[4] The residual clauses in the ACCA and § 4B1.2(a)(2) are interpreted according to the same precedent. *See United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir. 2013) (The Ninth Circuit makes "no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the residual clause[s]").

[5] While *Johnson* invalidated the ACCA's residual clause, the Court did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." *Johnson*, 135 S. Ct. at 2563.

**C.   Analysis**

Petitioner argues deadly conduct is no longer a crime of violence pursuant to the definition provided in § 4B1.2(a) because it could only qualify as a crime of violence under the residual clause, which is now unconstitutional under *Johnson*. Petitioner contends deadly conduct is not one of the enumerated offenses under § 4B1.2(a)(2) and does not fall under the "force clause" of § 4B1.2(a)(1), which requires intentional, not knowing, use of force.  Respondent, on the other hand, argues deadly conduct remains a crime of violence under the force clause because it has as an element "the threatened use of physical force against another person." (Opp'n to Mot. at 23.)

The Supreme Court in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), interpreted the term "crime of violence" in 18 U.S.C. § 16(a), which is in all relevant aspects identical to § 4B1.2(a).  The Court concluded the phrase "use … of physical force" requires "a higher degree of intent than negligent or merely accidental conduct."[6] *Leocal*, 543 U.S. at 9.  The Court did not decide whether "the reckless use of force against a person ... of another qualifies as a crime of violence[.]"  *Id*. at 13. Subsequently, the Ninth Circuit held that "the reasoning of *Leocal*—which merely holds that using force negligently or less is not a crime of violence—extends to crimes involving the reckless use of force."  *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1129 (9th Cir. 2006).  In light of *Leocal*, the Ninth Circuit in *Fernandez-Ruiz* overruled previous cases holding that crimes of violence "may include offenses committed through the reckless, or grossly negligent, use of force." *Id.* at 1132.  In doing so, the Court stated that "to constitute a federal crime of violence an offense must involve the intentional use of force against the person or property of another."

---

[6] The Supreme Court in *Leocal* only interpreted the *use* of force in the definition of crime of violence and did not address attempted use or threatened use of force. *Leocal*, 543 U.S. at 8–9 ("We do not deal here with an attempted or threatened use of force.").

*Id.*

Subsequently, the Ninth Circuit clarified its decision, stating that *Fernandez-Ruiz* "did not hold that 'crime of violence' is limited to specific intent crimes[,]" and "[a] general intent crime can satisfy the generic definition of a 'crime of violence.'" *United States v. Laurico-Yeno*, 590 F.3d 818, 822 n.4 (9th Cir. 2010). Indeed, "[k]nowledge is a sufficiently culpable mental state to qualify as crime of violence." *United States v. Palacios-Gomez*, 643 F. App'x 614, 615 (9th Cir. 2016) (holding that defendant's conviction for aggravated robbery is a "crime of violence" because "he acted with at least the mens rea of knowledge"); *see United States v. Melchor–Meceno*, 620 F.3d 1180, 1184 (9th Cir. 2010) (holding that a Colorado menacing statute "includes the requisite mens rea of intent for a crime of violence" because it "requires the defendant to knowingly place another person in fear of imminent serious bodily harm").[7]

Here, Petitioner's prior conviction was for deadly conduct based on discharge of a firearm at, or in the direction of, one or more individuals. A person commits this offense "if he *knowingly* discharges a firearm at or in the direction of … one or more individuals." Tex. Penal Code § 22.05(b)(1) (emphasis added). Because § 22.05(b)(1) prohibits conduct that is "knowingly" undertaken, "the discharge of a firearm at or in the direction of an individual must necessarily be undertaken with awareness." *United States v. Hernandez*, 568 F.3d 827, 831 (10th Cir. 2009). To violate the statute, the discharge of firearm cannot occur as a result of accidental, negligent, or reckless conduct; rather, the defendant must act with an "aware[ness] of the nature of his conduct" and a conscious choice to discharge the firearm at or in

---

[7] *Melchor–Meceno* interprets the term "crime of violence" in U.S.S.G. § 2L1.2, which is in all relevant aspects identical to § 4B1.2(a). *See* U.S.S.G. § 2L1.2 comment. (n.2) ("'Crime of violence' means … any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.").

the direction of one or more persons. Tex. Penal Code § 6.03(b) (defining that "[a] person acts knowingly … with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist."). Therefore, § 22.05(b)(1) contains a mens rea of knowledge that "is a sufficiently culpable mental state to qualify as crime of violence" under § 4B1.2(a)(1). *Palacios-Gomez*, 643 F. App'x at 615 (citation omitted).

In addition, as Respondent contends, the deadly conduct at issue qualifies as a crime of violence because it includes as an element the "*threatened* use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1) (emphasis added). The Tenth Circuit's ruling in *Hernandez* is instructive. *Hernandez* held deadly conduct under § 22.05(b)(1) constituted a crime of violence under the ACCA because it includes as an element the threatened use of physical force against the person of another. *Hernandez*, 568 F.3d at 830–32. The Court reasoned that "[d]ischarging a firearm at or in the direction of an individual necessarily involves at least the threatened use of power, violence, or pressure directed against that person." *Id.* at 830. Accordingly, the Court had "no trouble in concluding that knowingly discharging a firearm at or in the direction of an individual constitutes a real threat of the use of physical force against that individual[.]" *Id.* (citing *United States v. Herron*, 432 F.3d 1127, 1138 (10th Cir. 2005)). This Court agrees with *Hernandez*, and finds that knowingly discharging a firearm at, or in the direction of, an individual constitutes a threatened use of physical force against that individual. Therefore, deadly conduct under § 22.05(b)(1) qualifies as a crime of violence under § 4B1.2(a)(1) because it includes as an element the threatened use of force against an individual.

Petitioner further argues § 22.05(b)(1) is not a crime of violence because a conviction may result based on use, attempted use, or threated use of "force in the general direction of the victim, [which] does not qualify as 'physical force *against*

*the person* of another.'" (Mot. at 13) (emphasis in original).  However, state and federal courts in Texas have not recognized any significant difference between the terminology of "at," "against," or "in the direction of" in the context of § 22.05(b). *See Gilbert v. State*, 429 S.W.3d 19, 22 (Tex. App. 2014) ("we do not discern, any meaningful difference in ordinary usage between discharging a firearm 'at' a person and discharging it 'in the direction of' a person"); *Valadez v. State*, No. 11-13-00161-CR, 2015 WL 1955957, at *2 (Tex. App. Apr. 30, 2015) (same).  Similarly, the Fifth Circuit has stated that "[t]his element of a conscious choice to discharge a firearm in the direction of an individual would constitute a real threat of force *against* his person."  *Hernandez-Rodriguez*, 467 F.3d 492, 495 (5th Cir. 2006) (emphasis added).  The Court reasoned that "it is unreasonable to conclude that the purposeful discharge of [a] weapon in the direction of a person would not 'import[ ] "[a] communicated intent to inflict physical or other harm."'"  *Id.* (quoting *United States v. White*, 258 F.3d 374, 384 (5th Cir. 2001).  The reasoning of these courts is persuasive.  Section 22.05(b)(1) contains the requisite element of use or threatened use of physical force against an individual.

Accordingly, Petitioner's prior conviction for deadly conduct qualifies as a crime of violence under the force clause of § 4B1.2(a)(1), without reference to the residual clause in § 4B1.2(a)(2).  As a result, Petitioner is not entitled to relief.

### III.
### CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied.  The Clerk is directed to close the associated civil case.  Respondent's motion to stay proceedings is denied as moot.

**IT IS SO ORDERED.**

Dated: October 27, 2016



Honorable Dana M. Sabraw
United States District Judge